UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LONDA SCOGGINS, | ) | 1:05-cv-00175-AWI-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT DEFENDANT'S MOTION TO |
| | ) | DISMISS OR, IN THE ALTERNATIVE, |
| v. | ) | FOR SUMMARY JUDGMENT (DOC. 11) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is proceeding in forma pauperis with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for benefits. Plaintiff is represented by counsel. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b) and Local Rule 72-302(c)(15). Pending before the Court is Defendant's motion to dismiss the complaint, or, in the alternative, a motion for summary judgment.

I. Background

Plaintiff electronically filed an unverified complaint on February 3, 2005, seeking review pursuant to 42 U.S.C. §§ 405(g)

1

1 and 1383(c) of the denial of her claim for SSI benefits pursuant
2 to Title XVI of the Social Security Act. Plaintiff alleged that
3 the Appeals Council denied her request for review of the decision
4 of the administrative law judge (ALJ) on November 30, 2004, and
5 at that time the ALJ's decision became the final decision of the
6 Commissioner.
7      In response to service of summons, on June 10, 2005,
8 Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P.
9 12(b)(6) for failure to state a claim, or, in the alternative, a
10 motion for summary judgment, along with a memorandum and attached
11 declaration and exhibits in support of the motion. The docket
12 reveals that the motion and accompanying papers were served
13 electronically on Plaintiff's counsel on June 10, 2005. This
14 notice serves as service of the motion pursuant to Fed. R. Civ.
15 P. 5(b)(2)(D) and Local Rule 5-135(a).
16      Plaintiff did not file a notice of non-opposition or any
17 opposition to the motion.
18      II. Facts
19      The declaration of Joan Devera, chief of court case
20 preparation and review of branch 1 of the office of appellate
21 operations, office of hearings and appeals of the Social Security
22 Administration (SSA), establishes that consistent with 42 U.S.C.
23 § 405(g), pertinent SSA regulations in 20 C.F.R. § 422.210
24 provide that the time for instituting a civil action is within
25 sixty days after the Appeals Council's notice of denial of
26 request for review of the ALJ's decision or notice of the
27 decision by the Appeals Council is received by the individual,
28 except that the time may be extended by the Appeals Council upon

2

a showing of good cause. (Decl. at 2.) Further, as Devera declares, § 422.210(c) (2004) provides:

> For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

Devera further declares that the official file, which was within her custody and examined under her supervision, showed that after issuance of the ALJ's decision of August 9, 2003, Plaintiff requested review of the decision. On November 26, 2004, the Appeals Council sent notice that it had denied Plaintiff's request for review and notice of the right to commence a civil action within sixty days from the date of receipt. (Decl. at 3, Ex. 2.) The declaration and exhibit further show that the address to which the notice was sent was the same address to which the original notice of unfavorable decision had been sent; further, a copy was sent to Plaintiff's representative, Jeffrey Milam, Esq. (Id.) As of March 9, 2005, Devera was not aware of any request for extension of time to file a civil action. (Decl. at 3.)

III. Analysis

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 56, and 42 U.S.C. § 405(g) on the ground that the complaint is time barred by § 405(g).

A. Motion for Summary Judgment

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted; Rule 12(b) further provides that if on a motion asserting such a defense, matters outside the pleading are presented to and not

3

1 excluded by the court, the motion shall be treated as one for
2 summary judgment and disposed of as provided in Rule 56, and all
3 parties shall be given a reasonable opportunity to present all
4 material made pertinent to such a motion by Rule 56. A motion to
5 dismiss for failure to state a claim lies pursuant to Rule
6 12(b)(6) where the facts and dates alleged in the complaint
7 indicate that the claim is barred by the statute of limitations.
8 <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980).
9 If, however, the running of the statute of limitations cannot be
10 determined from the face of the complaint, a motion for summary
11 judgment is the proper procedure. <u>Supermail Cargo, Inc. v. United
12 States</u>, 68 F.3d 1204, 1206 (9th Cir. 1995).

13      Even where a motion is noticed only as a motion to dismiss,
14 the motion may be treated as a motion for summary judgment where
15 under the circumstances of the case, the party against whom
16 summary judgment is entered is represented by counsel and is
17 fairly apprised that the court would look beyond the pleadings
18 and thereby transform the 12()b) motion into one for summary
19 judgment. <u>Garaux v. Pulley</u>, 739 F.2d 437, 439 (9th Cir. 1984).
20 All that is required to proceed by way of the summary judgment
21 procedure is to apprise the parties that the Court will look
22 beyond the pleadings to extrinsic evidence and give the parties
23 an opportunity to supplement the record. <u>San Pedro Hotel Co.,
24 Inc. v. City of Los Angeles</u>, 159 F.3d 470, 477 (9th Cir. 1998).
25 Notice occurs where a party has reason to know that the court
26 will consider matters outside the pleadings. <u>Grove v. Mead School
27 District No. 354</u>, 753 F.2d 1528, 1533 (9th Cir. 1985).

28      Here, the  motion itself was entitled "RESPONDENT'S MOTION

4

1  TO DISMISS APPELLANT'S COMPLAINT, OR IN THE ALTERNATIVE, FOR
2  SUMMARY JUDGMENT." In the body, it was stated that the
3  Commissioner moved for dismissal or summary judgment because the
4  complaint was untimely; it further informed the Plaintiff that
5  the motion was based on the memorandum, affidavit, and exhibits
6  filed with the motion as well as on all records and files in the
7  action. (At. 1.) Thus, adequate notice was given to Plaintiff
8  that a motion for summary judgment was pending.

9  Further, the motion was served on June 10, 2005. Thus,
10 Plaintiff was given not only a reasonable opportunity to present
11 all material made pertinent to such a motion as required by Rule
12 12(b), but also the requisite period of time indicated by Rules
13 56(c) and 6(a) and (e).

14 The Court notes that the material factual question involved
15 in the instant motion, namely, the date of the notice of the
16 Appeals Council's action and of the receipt of the notice, is a
17 matter within the knowledge of the Plaintiff and her
18 representative. It is not a matter that appears to require any
19 discovery in order for the underlying facts to be presented to
20 the Court.

21  B. <u>Summary Judgment</u>

22 Summary judgment is appropriate when it is demonstrated that
23 there exists no genuine issue as to any material fact, and that
24 the moving party is entitled to judgment as a matter of law.
25 Fed. R. Civ. P. 56(c). Under summary judgment practice, the
26 moving party

> [A]lways bears the initial responsibility of
> informing the district court of the basis for
> its motion, and identifying those portions of

5

> "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It is the moving party's burden to establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978).

Where a party with the ultimate burden of persuasion at trial as to a matter moves for summary judgment, it must demonstrate affirmatively by evidence each essential element of its claim or affirmative defense and must establish that there is no triable issue of fact as to each essential element such that a rational trier of fact could render a judgment in its favor. Southern California Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003). If a party moves for summary judgment with respect to a matter as to which the opposing party has the ultimate burden of persuasion at trial, then the moving party must show that the opposing party cannot meet its burden of proof at trial by establishing that there is no genuine issue of material fact as to an essential element of the opposing party's claim or defense; the moving party must meet the initial burden of producing evidence or showing an absence of evidence as well as the ultimate burden of persuasion. Nissan Fire Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the opposing party's claim or defense or show that the nonmoving party does

not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. Id. (citing High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir. 1990)). In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact. Id.

However, "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 323. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials

7

1  of its pleadings, but is required to tender evidence of specific
2  facts in the form of affidavits or admissible discovery material
3  in support of its contention that the dispute exists. Rule 56(e);
4  Matsushita, 475 U.S. at 586 n.11.
5      The showings must consist of admissible evidence,
6  Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324,
7  1335 n.9 (9th Cir. 1980), or pleadings, depositions, answers to
8  interrogatories, admissions, and affidavits or declarations, Fed.
9  R. Civ. P. 56(c). Affidavits shall be based on personal
10 knowledge, set forth such facts as would be admissible in
11 evidence, and show affirmatively that the affiant is competent to
12 testify to the matters stated therein. Fed. R. Civ. P. 56(e).
13 Sworn or certified copies of all papers or parts thereof referred
14 to in an affidavit shall be attached thereto or served therewith.
15 Id. Declarations pursuant to 28 U.S.C. § 1746 may be used with
16 the same force and effect as affidavits. Pollock v. Pollock, 154
17 F.3d 601, 611, n.20 (6th Cir. 1998). Unauthenticated documents
18 cannot be considered on a motion for summary judgment. Hal Roach
19 Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th
20 Cir. 1990). Legal memoranda and oral argument are not evidence
21 and do not create issues of fact capable of defeating an
22 otherwise valid motion for summary judgment. British Airways Bd.
23 v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).
24     A party moving for summary judgment is entitled to the
25 benefit of any relevant presumptions that support the motion
26 provided that the facts giving rise to the presumption are
27 undisputed. Coca-Cola Co. v. Overland, Inc., 692 F.2d 1250, 1254
28 (9th Cir. 1982).

C. <u>Timeliness of the Complaint</u>

Defendant argues that the complaint should be dismissed for failure to state a claim because it was filed more than sixty days after mailing of the Commissioner's final decision and thus exceeds the scope of the government's consent to be sued as defined in 42 U.S.C. § 405(g) and (h):

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business....
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

These provisions govern Plaintiff's SSI claim. 42 U.S.C. § 1383(c)(3).

It is established that the sixty-day period defined by § 405(g) is not jurisdictional; rather, it is a statute of limitations. <u>Bowen v. City of New York</u>, 476 U.S. 467, 478-79 (1986); <u>Banta v. Sullivan</u>, 925 F.2d 343, 345 (9th Cir. 1991). However, it is likewise a condition on the waiver of sovereign immunity and thus has been strictly construed to permit extension only by the Commissioner pursuant to 20 C.F.R. §§ 404.911 and 416.1411, or by a court applying traditional principles of

9

equitable tolling in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate. <u>Bowen</u>, 476 U.S. at 479-82 (holding equitable tolling appropriate where the agency's secretive conduct prevented the plaintiffs from knowing of a violation of their rights). The sixty-day period serves to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims. <u>Banta v. Sullivan</u>, 925 F.2d at 345-46.

Plaintiff alleges in the complaint that Plaintiff requested review of the ALJ's unfavorable decision of August 9, 2003, by the Appeals Council, which issued a decision denying the requested review on November 30, 2004. Plaintiff alleges that the decision of November 30, 2004, was a final administrative decision. The Court notes that the complaint is not verified and thus does not constitute evidentiary material in support of the assertions in the complaint.

The Court's docket[1] shows that the complaint was filed on February 3, 2005.

Defendant submitted with the motion a copy of the Appeals Council's decision referred to in the complaint. The decision contains notice to the Plaintiff of not only the sixty-day period after receipt of the letter during which Plaintiff could seek

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

10

judicial review of the decision, but also of the possibility of requesting from the Appeals Council an extension of time to seek judicial review.

Plaintiff is presumed to have received notice of the Appeals Council's decision five days after the date of the notice of decision unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210. Thus, Plaintiff is presumed to have received the notice no later than five days after November 26, 2004, or on December 1, 2004. Plaintiff did not file the complaint until February 3, 2005, more than sixty days after the notice. Plaintiff has made no showing that Plaintiff did not receive the decision of the Appeals Council in a timely fashion. Thus, the complaint is barred as untimely under 42 U.S.C. § 405(g) unless the Court tolls the running of the period pursuant to traditional principles of equitable tolling.

Plaintiff has neither submitted evidentiary materials in opposition to the motion nor requested an opportunity to do so. Plaintiff has not shown any basis for equitable tolling of the running of the statute of limitations.

In summary, the evidence submitted to the Court demonstrates that the complaint was untimely, and thus Plaintiff could not prevail on her claim. Defendant has shown that Defendant is entitled to judgment as a matter of law.

IV. <u>Recommendation</u>

Accordingly, it IS RECOMMENDED that

1. Defendant's motion for summary judgment BE GRANTED; and

2. The Clerk of Court BE DIRECTED to enter judgment in favor of Defendant Jo Anne B. Barnhart, Commissioner of Social

1  Security, and against Plaintiff, and thereby to close this
2  action.
3      This report and recommendation is submitted to the United
4  States District Court Judge assigned to the case, pursuant to the
5  provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
6  Local Rules of Practice for the United States District Court,
7  Eastern District of California. Within thirty (30) days after
8  being served with a copy, any party may file written objections
9  with the court and serve a copy on all parties. Such a document
10 should be captioned "Objections to Magistrate Judge's Findings
11 and Recommendations." Replies to the objections shall be served
12 and filed within ten (10) court days (plus three days if served
13 by mail) after service of the objections. The Court will then
14 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
15 (b)(1)(C). The parties are advised that failure to file
16 objections within the specified time may waive the right to
17 appeal the District Court's order. Martinez v. Ylst, 951 F.2d
18 1153 (9th Cir. 1991).

20 IT IS SO ORDERED.

21 **Dated:   August 22, 2005**            /s/ Sandra M. Snyder
   icido3                          UNITED STATES MAGISTRATE JUDGE

12